James Downey, et al., v. The People of the State of Illinois, for use of J. P. Butler.

1. DOCKET OF JUSTICE—*effect of, as evidence.* The docket of a justice of the peace being a book provided to be kept by law, is competent evidence to establish facts properly recited therein pursuant to law, and the entries therein made in the course of a suit before such justice, constitute a record which cannot be contradicted by parol.

2. PAYMENT—*what conclusive proof of.* In an action against a constable for his alleged failure to turn over the proceeds of a judgment collected by him, an entry of payment made by the justice of the peace who entered such judgment is conclusive proof of the fact of payment.

Action commenced before justice of the peace. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1903. Reversed. Opinion filed January 6, 1905.

L. O. HAY, for appellants.

JOHN E. POLLOCK, for appellee.

MR. JUSTICE GEST delivered the opinion of the court.

Downey is a constable of McLean county. Butler obtained a judgment against A. and G. Johnson in August, 1896, before Alex. Steele, a justice of the peace of McLean county, for the sum of $30. Execution was issued and placed in Downey's hands as constable.

This suit was commenced before a justice against Downey, the constable, and D. T. Foster and A. N. Rinehart, sureties on his official bond, to recover the amount collected on the judgment. Appeal was taken from the judgment of the justice to the Circuit Court, trial was had before the court without a jury and judgment rendered for plaintiff and against all the defendants for the amount of the constable's bond as debt and for $39.87 damages and for costs, debt to be discharged on payment of damages and costs.

The plaintiff offered in evidence on the trial the constable's bond and the docket of the justice before whom the judgment in controversy was obtained. Justice Steele had died before the time of the trial and his docket was presented by Justice Heineman, to whom it had been delivered as provided in such case. The docket shows upon its face the entry of judgment, issuance of execution and delivery thereof to James Downey, constable, and then appear these entries:

"1896, Sept. 7, the defendants paid.......$2 50
1896, Sept. 15,   "      "      "    ....... 3 00
   "      "   21,  "      "      "    ....... 2 50
   "      "   28, . "      "      "    ....... 3 00
   "    Oct.  5,  " J. D.      "    ....... 2 50
   "      "   13,  "              "    ....... 3 00
   "      "   19,  " J. D.      "    ....... 2 50
   "      "   26,  "              "    ....... 3 00
1896, Oct. 26, received twenty dollars to apply on the claim by James Downey, agt. of J. P. Butler.

1896, Nov. 2. Deft. paid $2.55.

1896, Nov. 2, and returned satisfied in full, as per receipt on docket by James Downey, const."

Downey v. The People.

The docket was admitted in evidence over the defendants' objection.

J. P. Butler testified, in his own 'behalf, that no money on that judgment had ever been paid to him by Downey or any one else; that Downey said he had paid it to him, but that he in fact never had paid it.

The defendant, Downey, testified that the different items of money mentioned and entered on the docket were paid in to Justice Steele; that Steele notified him the money had been paid in and told him to notify Butler; that he did notify Butler; that Butler asked him to get it and bring it down to him, and that he did so get it from Steele and took it to Butler and handed it to him but took no receipt for it; that he paid it to Butler after the execution had been returned by him.

The execution was not offered in evidence. The only evidence to show that Downey received any money on the execution or at any time had any of the money paid on the judgment in his possession is the statements on the justice's docket and Downey's statement that he got the money from Steele and delivered it to Butler.

The docket is the docket of the justice, not of the constable. The justice alone has authority to make any entry therein. No constable has authority to write anything whatever in the record of any cause appearing therein. The docket is a book provided by law to be kept by the justice, and his proper entries therein, made in the course of a suit or the execution of the judgment therein, constitute a record, and a record which cannot be contradicted by parol; it imports verity to the same degree as does the record of any court commonly designated as a court of record. The entries of payment therein were proper entries to be made by the justice, showing satisfaction, to that extent, of the judgment. These entries show the judgment was satisfied in full by payment to the justice. The entries accord entirely with the testimony of Downey that the money was paid to Steele.

Section 10 of article 11 of chapter 79, relative to justices

of the peace, then and now in force, provides that the constable shall pay to the justice of the peace who issued the execution all money collected thereon not previously paid to the plaintiff. If Downey collected the money on the execution and paid it to Steele, he did so rightfully. If the money was paid by the defendants to Steele, as it appears to have been done in the payment of some, if not all, of the items mentioned on the docket, then Downey, as an officer, had no responsibility whatever for the money. If the money was paid to Steele and afterwards was delivered by Steele to Downey to be paid to Butler and was not paid to Butler by Downey, then Butler's remedy was simply against Downey alone for money had and received to his, Butler's, use. In any case there was no liability on the part of Downey's sureties. It was not part of Downey's official duty to receive the money from Steele and carry it to Butler, and it is for a breach of his official duty only that his sureties are liable. The judgment is against the three defendants, Downey and his two sureties, and is erroneous.

Under the evidence in the case there was no liability on the bond. The judgment is reversed.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find that the money alleged to have been collected by James Downey, was collected, if at all, by him in his personal capacity as the agent of J. P. Butler and not in his official capacity as a constable, and that there is no cause of action on the official bond of said Downey for the recovery of such money.